The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff received the compensation shown by the Form 28 B dated 24 July 1989.
2. The Form 24 dated 21 June 1989 is received into evidence.
In addition to these Stipulations, an Industrial Commission Form 21 Agreement has been approved in the case and is incorporated by reference. Several orders have been previously filed in this case by the Industrial Commission and these documents are incorporated by reference.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. As of 9 March 1988, plaintiff had been employed by defendant-employer for approximately nine years. She sustained an injury by accident arising out of and in the course of her employment on that date when bristles of a brush penetrated into the base of her right thumb. Dr. Scroggin, her family doctor, treated her a short time following her injury before referring her to Dr. McCormick, an orthopaedic surgeon. After a trial of conservative treatment, Dr. McCormick performed trigger release surgery to her thumb in May. Apparently one of the nerves in her thumb was damaged by the surgery, and she continued to be symptomatic.
2. Defendants admitted liability for benefits under the Workers' Compensation Act for this injury and began paying compensation to plaintiff for temporary total disability beginning 25 April 1988. When her condition did not improve following the surgery, defendants sent her to Dr. Kessler for evaluation. He ultimately decided that she needed to be seen by a hand specialist, and he referred her to Dr. Kuzma, a hand surgeon. Dr. Kuzma was of the impression that she probably had a neuroma, or scarring of or around the nerve, as well as reflex sympathetic dystrophy. In that surgery to repair the neuroma could aggravate reflex sympathetic dystrophy, he recommended that plaintiff undergo a stellate ganglion block to see if the dystrophy cycle could be broken.
3. At Dr. Kuzma's recommendation, plaintiff went to Dr. Crews, an anesthesiologist, for the block, and he proceeded to explain to her in detail the potential risks of the procedure, none of which had occurred since he had been performing the procedure. The stellate ganglion block involved injecting an anesthetic into nerves near the cervical vertebrae. Plaintiff became fearful of the procedure and would not undergo it. She had previously gone to Dr. Crosby, another hand surgeon, in October 1988 and wanted him to perform the surgery he had recommended for the neuroma. The primary difference between the two doctors was that Dr. Kuzma wanted to address the reflex sympathetic dystrophy problem first. Defendants decided that Dr. Kuzma should treat plaintiff.
4. Plaintiff saw Dr. Kuzma approximately six times. He attempted to treat her reflex sympathetic dystrophy conservatively and he explained to her the alternative approaches to her problem. By June 1989 he had decided that surgery should be performed since the dystrophy was still not under control, but he wanted her to have the stellate ganglion block at the time of surgery to reduce the risk that the dystrophy would be aggravated. Plaintiff refused to undergo the treatment he recommended.
5. Defendants moved that plaintiff be directed to undergo the treatment by Dr. Kuzma, and by Order filed 8 June 1989 former Chairman William Stephenson granted their motion. Former Chairman Stephenson thereafter denied plaintiff's motion for reconsideration. Defendants then submitted a Form 24 application to stop payment of compensation in view of plaintiff's refusal to undergo this treatment, and the application was approved on 6 July 1989.
6. In March 1990 plaintiff filed a motion requesting that she be allowed to see another physician and that she be allowed to receive treatment by that physician or by the physician of her choice. Plaintiff's motion was denied on 29 March 1990 by former Chief Deputy Commissioner Dianne C. Sellers, and she was again ordered to cooperate with treatment recommended by Dr. Kuzma. Plaintiff appealed from the 29 March 1990 order, and the matter was then ordered set for hearing by the Full Commission.
7. The treatment recommended by Dr. Kuzma is reasonable and appropriate for plaintiff's condition, and would tend to effect a cure, give her relief and lessen her disability. Dr. Kuzma is a specialist in problems of the hands and is clearly qualified to treat her. He has recommended a more conservative approach which would tend to reduce the risks that her reflex sympathetic dystrophy would be aggravated further by the trauma of surgery. Defendants have tendered this treatment and plaintiff has unreasonably refused it despite Orders of the Industrial Commission.
8. The treatment by Dr. Crosby should not be approved.
9. Plaintiff has not worked since her compensation was terminated. She continues to complain of in her hand which goes up her arm with use of the hand, and also complains of problems using her thumb.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. In that plaintiff has refused to accept medical treatment Ordered by the Industrial Commission without justification, plaintiff is barred from receiving further compensation. N.C. Gen. Stat. § 97-25.
2. The Industrial Commission does not approve of the treatment by Dr. Crosby. N.C. Gen. Stat. § 97-25; Schofield v.The Great Atlantic and Pacific Tea Company, 299 N.C. 582,264 S.E.2d 56 (1980).
3. Plaintiff is still entitled to medical treatment by Dr. Kuzma which would tend to effect a cure, give her relief and lessen her disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional compensation is DENIED.
2. Plaintiff's motion that she receive treatment by Dr. Crosby is DENIED.
3. Should plaintiff elect to accept the treatment by Dr. Kuzma, defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for the same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
4. Defendants shall pay expert witness fees in the amounts of $260.00 to Dr. Kuzma, $200.00 to Dr. Crosby, $100.00 to Dr. Scroggin and $100.00 to Dr. Crews.
5. Each side shall pay its own costs.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _____________ JAMES J. BOOKER COMMISSIONER